**ANDERSON KILL P.C.**
Robert D. Chesler, Esq.
Nicholas M. Insua, Esq.
Joseph Vila, Esq.
One Gateway Center, Suite 1510
Newark, New Jersey 07102
973-642-5858
*Attorneys for Plaintiff,*
*ResinTech, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RESINTECH, INC.,<br><br>Plaintiff,<br><br>v.<br><br>AIG SPECIALTY INSURANCE COMPANY and ODELL STUDNER GROUP,<br><br>Defendants. | Civil Action No. ___________________<br><br>**COMPLAINT AND JURY DEMAND** |

## COMPLAINT

Plaintiff, ResinTech, Inc. ("Plaintiff" or "ResinTech"), by and through its undersigned attorneys, alleges as follows for its Complaint against Defendants AIG Specialty Insurance Company ("AIG") and Odell Studner Group ("Odell") (collectively, the "Defendants"):

## NATURE OF THE ACTION

1. ResinTech seeks coverage under insurance Defendant AIG sold for losses ResinTech incurred in connection with notices of asserted violations issued by the Camden County Municipal Utilities Authority ("CCMUA") and the New Jersey Department of Environmental Protection ("NJDEP") for alleged discharges from ResinTech's facility located at 160 Cooper Road in Berlin, New Jersey (the "Claims").

2. ResinTech also seeks a declaration regarding the rights, duties, and obligations of AIG under the insurance with regard to the Claims.

3. ResinTech further seeks damages against Defendant Odell due to its breaches of contract and fiduciary obligations, and its negligence in connection with brokerage services provided, or which were to be provided, to ResinTech in purchasing insurance from AIG.

## JURISDICTION & VENUE

4. This Court's jurisdiction is based on 28 U.S.C. § 1332, as the parties are of diverse citizenship and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Venue is properly in this district pursuant to 28 U.S.C. § 1391 because, as detailed below, a substantial number of the events or omissions giving rise to ResinTech's claims occurred here.

6. Plaintiff ResinTech is a corporation organized and existing under the laws of the State of New Jersey, with a principal place of business at 1801 Federal Street, Camden, New Jersey. ResinTech does business in New Jersey, and the Claims relate to alleged violations of discharges from ResinTech's facility located in Berlin, Camden County, New Jersey.

7. Upon information and belief, Defendant AIG is an insurance company organized and existing under the laws of the State of Illinois, with a principal place of business at 175 Water Street, New York, New York. AIG is licensed to do business and is doing business around the country, including in New Jersey. It is licensed or authorized by various states, including New Jersey, to issue insurance policies and it issues policies in this state.

8. AIG is subject to jurisdiction in New Jersey by having acted for the purpose of realizing pecuniary benefit in this State, and by contracting to insure persons, property and/or risks located within New Jersey.

9. Upon information and belief, Defendant Odell is a brokerage company organized and existing under the laws of the State of Pennsylvania, with its principal place of business located at 200 North Warner Road, King of Prussia, Pennsylvania.

10. Odell is subject to jurisdiction in New Jersey by having acted for the purpose of realizing pecuniary benefit in this State, and by offering and providing brokerage services to and for persons, property, and risks located in New Jersey.

11. Jurisdiction and venue also are proper in that the involved losses were suffered in New Jersey, and the Defendants' failures, breaches, and misconduct also occurred in Camden County, New Jersey.

## FACTUAL BACKGROUND

12. ResinTech entered into a contract with Odell and appointed Odell its insurance broker with respect to negotiation and placement of insurance on ResinTech's behalf for several insurance programs, including ResinTech's environmental and general liability exposure insurance (the "Broker Agreement").

13. Odell, however, was not just an ordinary insurance broker. Indeed, in its online marketing materials, Odell boasts how it provides a panoply of brokerage and risk management services – including risk management assessment, risk management programs, coverage gaps analysis, and insurance policy advisement.

14. Specifically, Odell promises to "work with your organization to understand your greatest potential for exposure and minimize risk." Odell also promises to help "identify[] the correct insurance coverage."

15. Since 2016, ResinTech relied upon Odell to provide comprehensive risk management and brokerage services.

16. Given Odell's long-standing relationship with ResinTech, Odell was well aware of ResinTech's business activities, including that ResinTech used hazardous substances at its premises, including at, among other locations, ResinTech's Berlin, New Jersey facility.

17. Odell ultimately placed ResinTech's environmental and general liability exposure program with AIG, securing for ResinTech a Commercial General Liability and Pollution Legal Liability Policy, Policy No. EG15423107, for the period from January 1, 2020, to January 1, 2021 (the "Policy").

18. The Policy should provide ResinTech with coverage for, among other things, losses or damages caused by gradual pollution and pollution commencing during the policy period.

19. The Policy provides coverage for, among other locations, losses and damages arising from ResinTech's facility located at 160 Cooper Road in Berlin, New Jersey.

20. Broadly speaking, the Policy affords two types of Pollution Legal Liability Coverage: (1) gradual pollution coverage pursuant to Section D-1; and (2) sudden and accidental pollution coverage pursuant to Section D-2.

21. On or about October 28, 2020, ResinTech received a notice of violation letter from CCMUA regarding allegations that ResinTech's facility in Berlin, New Jersey, had been discharging non-compliant wastewater into the sewer system, which allegedly caused damage to CCMUA's Berlin Township Pump Station as well as numerous breaks in the Berlin force main. In its letter, the CCMUA further accused ResinTech of allegedly violating the New Jersey Pollutant Discharge Elimination System ("NJPDES") Rules and the New Jersey Water Pollution Control Act ("NJWPCA").

22. On or about February 4, 2021, the NJDEP issued a notice of violation letter to ResinTech with regard to ResinTech's alleged violations of the New Jersey Solid Waste Management Act ("NJSWMA"), and its related regulations promulgated.

23. On or about April 27, 2021, the CCMUA issued a notice of civil administrative penalty assessment letter to ResinTech under the NJWPCA, assessing a civil administrative penalty of $1,400,000.

24. On or about June 28, 2021, the NJDEP issued a notice of civil administrative penalty letter to ResinTech under the NJSWMA, assessing a civil administrative penalty of $75,000.

25. ResinTech provided AIG with prompt and timely notice of the Claims.

26. AIG, by letter dated July 15, 2021, denied coverage for the Claims under Section D-2 of the Policy and stated Section D-1 was "inapplicable."

27. ResinTech, by letter dated September 21, 2021, demanded AIG defend and otherwise meet its contractual obligations, including its indemnity obligation, to ResinTech in connection with the Claims.

28. AIG, by letter dated November 5, 2021, denied coverage for the Claims under Section D-1 of the Policy, stating (among other things) that Section D-1 "is not available to ResinTech for this matter."

29. ResinTech has complied in all material respects with the terms and conditions of the Policy.

30. ResinTech's losses incurred in connection with the Claims fall within the coverage provided by the Policy, including the gradual pollution coverage provided by Section D-1.

31. AIG has failed and refused fully to reimburse ResinTech for its losses resulting from the Claims.

32. Odell placed ResinTech's environmental and general liability insurance program with AIG, securing for ResinTech the Policy under which AIG now seeks to limit and avoid coverage to ResinTech on bases inconsistent with Odell's obligations and advice to ResinTech, and ResinTech's reasonable expectations and understanding of the coverage provided under the Policy.

33. The Policy should insure ResinTech's losses incurred in connection with the Claims under the gradual pollution coverage provided by Section D-1 of the Policy.

34. AIG, however, alleges Section D-1 of the Policy is "inapplicable."

35. Odell was well aware of ResinTech's business activities, including that ResinTech used hazardous substances at its premises, including at, among other locations, ResinTech's Berlin, New Jersey facility.

36. Odell committed to ResinTech, under the Broker Agreement and otherwise, to provide full and appropriate coverage for ResinTech's environmental risks.

37. To the extent the Policy does not provide coverage for the Claims under Section D-1, it is because Odell failed to secure Section D-1 coverage for ResinTech.

38. As a direct and proximate result of the foregoing, ResinTech has incurred substantial actual damages and such damages are continuing.

**COUNT I (BREACH OF CONTRACT - AIG)**

39. ResinTech repeats and re-alleges each and every allegation contained in paragraphs 1 through 38 as if fully set forth herein.

40. Defendant AIG has refused, rejected, or failed to honor its obligations to provide coverage for ResinTech's covered losses under the Policy.

41. By reason of the foregoing, AIG has breached its obligations under the Policy, and is liable to ResinTech for money damages for breach of contact.

42. As a result of the aforesaid breaches of contract, ResinTech has suffered damages.

**WHEREFORE,** ResinTech demands judgment against Defendant AIG as follows:

(a) For compensatory damages;

(b) For consequential damages;

(c) For pre-judgment and post judgment interest;

(d) For attorneys' fees and costs of suit; and

(e) For such other relief as the Court may deem just and appropriate.

**COUNT II (DECLARATORY JUDGMENT - AIG)**

43. ResinTech repeats and re-alleges each and every allegation contained in paragraphs 1 through 42 as if fully set forth herein.

44. AIG has failed and refused to meet its obligations in connection with the losses sustained by ResinTech resulting from the Claims.

45. ResinTech seeks a judicial determination of Resintech's rights and AIG's obligations with regard to an actual controversy arising out of the Policy.

46. An actual, present and justiciable controversy exists between ResinTech and AIG with respect to AIG's respective duties and obligations to ResinTech under the Policy.

47. The issuance of relief by this Court will resolve the existing controversy between ResinTech and AIG.

**WHEREFORE,** ResinTech demands judgment against Defendant AIG as follows:

(a) Declaring and adjudging that ResinTech is entitled to insurance coverage under the Policy for, among other things, the losses sustained by ResinTech as a result of the Claims.

(b) In addition to such declaratory relief, ResinTech should recover such monetary relief as necessary given the Court's declaration of ResinTech's rights and AIG's obligations.

**COUNT III (BREACH OF CONTRACT - ODELL)**

48. ResinTech repeats and re-alleges each and every allegation contained in paragraph 1 through 47 as if fully set forth herein.

49. Under the Broker Agreement, Odell agreed to provide brokerage services to ResinTech.

50. Odell failed to perform all of its duties consistent with the terms and conditions of the Agreement.

51. By reason of the foregoing, Odell has breached the Broker Agreement with ResinTech by failing, among other things, to secure appropriate insurance coverage for ResinTech, including Section D-1 coverage under the Policy, and to properly advise ResinTech with regard to insurance coverage matters.

52. By reason of the foregoing, Odell has breached is obligations under the Broker Agreement, and is liable to ResinTech for money damages for breach of contract.

53. As a result of the aforesaid breaches of contract, ResinTech has suffered damages.

**WHEREAS,** ResinTech demands judgment against Defendant Odell as follows:

(a) For compensatory damages;

(b) For consequential damages;

(c) For pre-judgment and post judgment interest;

(d) For attorneys' fees and costs of suit; and

(e) For such other relief as the Court may deem just and appropriate.

**COUNT IV (NEGLIGENCE - ODELL)**

54. ResinTech repeats and re-alleges each and every allegation contained in paragraph 1 through 53 as if fully set forth herein.

55. At all relevant times, Odell owed ResinTech a duty to exercise reasonable skill, care, and diligence when, among other things, (i) advising ResinTech in the purchase of its insurance policies; (ii) procuring insurance policies on ResinTech's behalf; and (iii) examining the proposed terms and conditions of the insurance policies it obtained on ResinTech's behalf.

56. Odell breached its duties to ResinTech and failed to exercise reasonable skill, care, and diligence in connection with the brokerage services provided to ResinTech by, among other things, failing to secure Section D-1 coverage under the Policy.

57. By reason of the foregoing, Odell has breached its obligations and is liable to ResinTech for money damages for its negligence.

58. As a result of the foregoing, ResinTech has suffered damages.

**WHEREFORE,** ResinTech demands judgment against Defendant Odell as follows:

(a) For compensatory damages;

(b) For consequential damages;

(c) For pre-judgment and post judgment interest;

(d) For attorneys' fees and costs of suit; and

(e) For such other relief as the Court may deem just and appropriate.

**COUNT V (BREACH OF FIDUCIARY DUTIES - ODELL)**

59. ResinTech repeats and re-alleges each and every allegation contained in paragraph 1 through 58 as if fully set forth herein.

60. Odell undertook special obligations of a fiduciary nature to ResinTech.

61. Odell breached its fiduciary obligations to ResinTech by failing to secure appropriate insurance coverage for ResinTech (including by failing to secure Section D-1 coverage under the Policy) and to properly advise ResinTech with respect to insurance coverage matters.

62. Odell is liable to ResinTech for this and for the costs ResinTech has incurred and will incur in this litigation.

**WHEREAS,** ResinTech demands judgment against Defendant Odell as follows:

(a) For compensatory damages;

(b) For consequential damages;

(c) For pre-judgment and post judgment interest;

(d) For attorneys' fees and costs of suit; and

(e) For such other relief as the Count may deem just and appropriate.

**COUNT VI (PROFESSIONAL MALPRACTICE - ODELL)**

63. ResinTech repeats and re-alleges each and every allegation contained in paragraph 1 through 62 as if fully set forth herein.

64. Odell owed a duty to act with, at least, the degree of skill, care, and diligence generally expected of reasonably skilled members of the profession.

65. ResinTech reasonably relied upon Odell to act in a manner consistent with its obligations.

66. Odell departed from the standard of care expected of it by, among other things, failing to secure Section D-1 coverage under the Policy.

67. By reason of the foregoing, Odell has breached its obligations, and is liable to ResinTech for money damages.

68. As a result of the foregoing, ResinTech has suffered damages.

**WHEREFORE**, ResinTech demands judgment against Defendant Odell as follows:

(a) For compensatory damages;

(b) For consequential damages;

(c) For pre-judgment and post judgment interest;

(d) For attorneys' fees and costs of suit; and

(e) For such other relief as the Court may deem just and appropriate.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury on all counts so triable.

**DESIGNATION OF TRIAL COUNSEL**

Plaintiff hereby designates Nicholas M. Insua as trial counsel.

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I HEREBY CERTIFY that the matter in controversy is not the subject of any other action pending in any court or any arbitration, and that no such other action is contemplated. I am not aware of any other parties that need to be joined at this time.

Dated: November 9, 2021

By: /s/ *Robert D. Chesler*

Robert D. Chesler, Esq.
Nicholas M. Insua, Esq.
Joseph Vila, Esq.
**ANDERSON KILL, P.C.**
One Gateway Center, Suite 510
Newark, NJ 07102
*Attorneys for Plaintiff*
*ResinTech, Inc.*